UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN C. WILLIAMS,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-cv-1280-JPG

Criminal No 13-cr-40019-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kevin C. Williams' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) or (6) (Doc. 7). He seeks relief from his criminal sentence for wire fraud and money laundering in Case No. 13-cr-40019-JPG. In this case, the Court denied Williams' motion to vacate, set aside or correct that sentence pursuant to 28 U.S.C. § 2255 (Doc. 4). In his Rule 60(b) motion, he again asks the Court to vacate his sentence of imprisonment and restitution on the grounds that one of the victim witnesses at his sentencing hearing committed fraud on the Court by giving false testimony in an affidavit and in live testimony at the sentencing hearing.

The Court cannot entertain Williams' motion for relief because it is an unauthorized second or successive petition. A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the sentence and instead points to a defect in the integrity *of the § 2255 proceeding itself* is not a successive petition. *Gonzalez*, 545 U.S. at 532;

*see Scott*, 414 F.3d at 816. A Rule 60(b) motion attacking a § 2255 denial that was the result of fraud on the court does not amount to a successive petition. *Gonzalez*, 545 U.S. at 533 n. 5.

Williams' motion for relief asserts a new claim of error – fraudulent witness testimony – in his sentencing proceeding, not in the integrity of his § 2255 proceeding. Thus, his Rule 60(b) motion is not a *bona fide* Rule 60(b) motion but is instead a successive § 2255 petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Williams' motion (Doc. 7) and **DISMISSES** it for **lack of jurisdiction**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds that Williams has not made such a

showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   July 11, 2016**

>                               s/ J. Phil Gilbert
>                               **J. PHIL GILBERT**
>                               **DISTRICT JUDGE**